# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * *
CASEY WILSON, mother of C.W.,    *      No. 19-1663V
                                 *
            Petitioner,          *
                                 *      Special Master Christian J. Moran
                                 *
v.                               *
                                 *      Filed: April 19, 2022
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *      Entitlement; dismissal.
            Respondent.          *
* * * * * * * * * * * * * * * * * * * * * * *
```

Lawrence R. Cohan, Saltz Mongeluzzi & Bendesky, Philadelphia, PA, for petitioner;
Steven Santayana, U.S. Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Casey Wilson alleged that the influenza ("flu") vaccine her child, C.W., received on November 3, 2016, caused her to develop Guillain-Barré syndrome ("GBS"). Pet., filed Oct. 25, 2019, at 1. On January 14, 2022, Ms. Wilson moved for a decision dismissing her petition.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

## I.    Procedural History

Casey Wilson filed a petition on behalf of her child, C.W., on October 25, 2019.  Ms. Wilson filed initial medical records on November 2, 2019.  After several motions for extensions of time, Ms. Wilson filed additional medical records on April 19, 2021.  The medical records from HAWCC Clinic indicate that C.W. received a flu vaccination on November 3, 2015 but do not contain any vaccination records for November 3, 2016.  Exhibit 1 at 18.

Considering that Ms. Wilson alleged an onset of symptoms around November 23, 2016, a vaccination date of November 3, 2015 would place onset at approximately 385 days post-vaccination.  Order, issued Apr. 27, 2021.  Accordingly, Ms. Wilson was ordered to file a status report describing how she intended to proceed in light of this discrepancy.  Id.

On October 7, 2021, Ms. Wilson filed a status report advising the court that she forwarded additional documentation regarding the proper date of vaccination to her counsel via regular mail.  Pet'r's Status Rep., filed Oct. 7, 2021.  On November 8, 2021, Ms. Wilson's counsel, Lawrence Cohan, filed a status report stating that Ms. Wilson was unable to obtain records that confirm vaccination in November 2016.  Pet'r's Status Rep., filed Nov. 8, 2021.  Mr. Cohan requested 30 days to make a final decision regarding the potential termination of the case.  Id.

On December 8, 2021, Mr. Cohan filed a status report stating that after several discussions with Ms. Wilson, Ms. Wilson acknowledged that without vaccination records, her claim would not be able to move forward.  Pet'r's Status Rep., filed Dec. 8, 2021.  Mr. Cohan represented that he sent a formal letter to Ms. Wilson for her signature.  Id.  Mr. Cohan further stated that upon receipt of the signed document, it was Ms. Wilson's intention to file a motion to dismiss.  Id.

The undersigned then ordered Ms. Wilson to file her motion to dismiss by January 14, 2022.  On January 14, 2022, Ms. Wilson moved for a decision dismissing her petition, stating that after multiple requests to the HAWCC Clinic, neither Ms. Wilson nor Mr. Cohan were able to obtain C.W.'s November 2016 vaccination record.  Pet'r's Mot., filed Jan. 14, 2022, ¶ 1.  Ms. Wilson further stated that "to proceed further would be unreasonable and would waste the resources of the Court, the respondent, and the Vaccine Program."  Id. ¶ 2.  Ms. Wilson added that she does not intend to file a civil action and intends to accept the

Vaccine Program judgment against her. Id. ¶ 4. The Secretary did not file a response to this motion.

On February 1, 2022, a status conference was held to discuss Ms. Wilson's motion to dismiss. Following the status conference, Ms. Wilson filed a motion for authorization to issue a subpoena for C.W.'s vaccination records from the HAWCC Clinic, which was granted on February 9, 2022. The undersigned then ordered Mr. Wilson to provide an update on her efforts to obtain the vaccination records and whether she intends to proceed with her motion to dismiss. Order, issued Mar. 18, 2022.

Ms. Wilson filed a status report on April 18, 2022, stating that after several requests and service of the subpoena, HAWCC was unable to provide records documenting C.W.'s November 2016 vaccination. Therefore, Ms. Wilson stated that she intends to proceed with her motion to dismiss.

This matter is now ready for adjudication.

## II.    **Analysis**

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, Ms. Wilson was unable to obtain C.W.'s vaccination record showing she received the flu vaccine in November 2016. Therefore, Ms. Wilson wishes to have her claim dismissed and judgment entered against her. Though Ms. Wilson filed this motion pursuant to 42 U.S.C. § 300aa-21(a) (regarding voluntary dismissal), the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa-21(b) (regarding involuntary dismissal).

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law."  Here, the evidence weighs against a finding that the flu vaccine caused C.W.'s GBS.  Without a showing that C.W. received a flu vaccine in November 2016, the remainder of the case becomes moot.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof.  The Clerk shall enter judgment accordingly.**  See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master